UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKE ROSENCUTTER, as Trustee ) <br> for the L and M Rosencutter Family Trust, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MERCEDES-BENZ USA, LLC, ) <br> ) <br> Defendant. ) | Case No. 18-CV-0073-CVE-JFJ |

**OPINION AND ORDER**

Now before the Court are Defendant's Motion in Limine and Brief in Support (Dkt. # 26) and Plaintiff's Motion in Limine (Dkt. # 27). Defendant Mercedes-Benz USA, LLC (Mercedes) asks the Court to exclude audio recordings of phone conversations made by plaintiff and evidence that two other consumers had made complaints to the National Highway Traffic Safety Administration (NHTSA). Dkt. # 26. Plaintiff Mike Rosencutter, as Trustee for the L and M Rosencutter Family Trust, argues that witnesses and evidence that were not timely disclosed should be excluded at trial, and plaintiff claims that certain lay witnesses intend to offer expert testimony that should be excluded under Fed. R. Civ. P. 26 and Fed. R. Evid. 701. Dkt. # 27.

**I.**

Plaintiff filed this case in Tulsa County District Court alleging that he had purchased a vehicle at a Mercedes dealership in Oklahoma City, Oklahoma, and he claims that he began having problems with the vehicle when he drove it on the highway.[1] Id. at 5. He returned the vehicle to the dealership on August 8, 2016, but the dealership advised plaintiff that the vehicle's tires may

---

[1] The Court is relying on the facts alleged in plaintiff's petition to provide background for the parties' motions in limine, but the summary of plaintiff's allegations should not be construed as factual findings.

have been out of balance. Id. at 6. The vehicle was returned to plaintiff on August 10, 2016, but he claims that the "nonconformity" was not repaired. Id. Plaintiff continued to drive the vehicle and he claims that it continued to shake at higher speeds, and he returned the vehicle to the dealership for a second time on November 4, 2016. Id. The dealership returned the vehicle to plaintiff on November 14, 2016, but he claims that the vehicle continued to shake at highway speeds. Id. Plaintiff claims that he was driving the vehicle on a highway in December 2016 and the vehicle began to veer back and forth, and he returned the vehicle to the dealership for a third time. Id. The dealership kept the vehicle until January 2, 2017, and plaintiff states that vehicle was not repaired. Id.

Plaintiff returned the vehicle to the dealership for a fourth time in January 2017, and he spoke to Scott Dounn, an employee of the dealership. Id. Plaintiff claims that Dunn admitted that he felt a side to side shaking during a test drive of the vehicle, and Dunn allegedly said that something could be wrong with the vehicle's active control system. Id. at 3. The dealership kept the vehicle until March 28, 2017. Id. On February 15, 2017, plaintiff sent a letter to the dealership's general manager, Randy Bendar, seeking to rescind the purchase contract due to a nonconformity with the vehicle, and the dealership rejected plaintiff's request. Id. Plaintiff sent a similar letter to Mercedes, and Mercedes also rejected his request to rescind the contract or supply a replacement vehicle. Id. In April 2017, plaintiff sent a second request for rescission of the contract or replacement of the vehicle to Mercedes, and his request was again denied.

On October 19, 2017, plaintiff filed this case in Tulsa County District Court seeking rescission of the purchase contract and a full refund under Oklahoma's lemon law, OKLA. STAT. tit. 15, § 901. Mercedes removed the case to this Court and the Court entered a scheduling order setting

a discovery cutoff of July 31, 2018. Dkt. # 17. The parties filed a motion requesting an extension of certain deadlines, including the discovery cutoff, and the discovery cutoff was extended to August 31, 2018. Dkt. ## 19, 20. On August 31, 2018, Mercedes sent supplemental discovery responses to plaintiff's counsel and identified four new witnesses with knowledge about the allegedly defective vehicle purchased by plaintiff. Dkt. # 27, at 6. Neither plaintiff nor defendant requested an extension of any deadline after the supplemental discovery responses were produced to plaintiff's counsel, but each party has filed a motion in limine seeking to exclude certain evidence. The pretrial conference is set for December 3, 2018 and the jury trial is set for December 17, 2018.

## II.

"The purpose of a motion in limine is to aid the trial process by enabling the Court 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitively set for trial, without lengthy argument at, or interruption of, the trial.'" Mendelsohn v. Sprint/United Management Co., 587 F. Supp. 2d 1210, 1208 (D. Kan. 2008). However, a court is almost always better situated to make evidentiary rulings during trial, and a court may defer an in limine ruling unless the party seeking to exclude evidence shows that the evidence is inadmissible on all potential grounds. Wright v. BNSF Railway Co., 2016 WL 1611595, *1 (Apr. 22, 2016). This case was removed to federal court based on diversity jurisdiction, and the admissibility of evidence is generally governed by federal law. Blanke v. Alexander, 152 F.3d 1224, 1231 (10th Cir. 1998). State law concerning the admissibility of evidence will be considered only if the issue involves a "substantive" state rule of evidence, such as the collateral source rule or the parol evidence rule. Id. The parties are advised that all ruling on the motions in limine are preliminary.

3

**III.**

Defendant asks the Court to exclude audio recordings or transcripts of conversations that were surreptitiously recorded by plaintiff using his cell phone, because any statements by employees of the dealership on the recordings are inadmissible hearsay and the witnesses will be available to testify at trial. Dkt. # 26, at 5. Defendant also asks the Court to exclude evidence of complaints made to NHTSA by plaintiff and two other consumers, because the complaints are anonymous and do not include enough information to verify or confirm the existence of a defect.

**A.**

Defendant asks the Court to exclude audio recordings of conversations and any transcript of those recordings. Dkt. # 26, at 4-5. The statements at issue were made by Dounn, the fixed operations director for the dealership, during a phone call with plaintiff. Dounn describes his experience test-driving plaintiff's vehicle, and he discusses with plaintiff the alleged defect that caused plaintiff to bring the vehicle to the dealership for repairs. Dkt. # 33-3. Dounn told plaintiff that he felt something similar to towing a trailer that is pulled or jerked by the wind. Id. at 4. Plaintiff claimed that the vehicle would violently pull or shake, and Dounn was attempting to understand plaintiff's concerns about the vehicle. Id. at 5. Dounn stated that he would conduct additional testing and he suspected there could be a problem with the vehicle's active control system. Id. at 9.

Under Fed. R. Evid. 801(c), hearsay is defined as a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Hearsay statements are not admissible unless there is a statute or rule of evidence allowing for the admission of the statement. Fed. R. Evid. 802. There

4

is no dispute that the statements that plaintiff seeks to admit are out of court statements that plaintiff seeks to admit for the truth of the matter asserted. Plaintiff argues that Dounn's statements are admissible under Rule 801(d)(2), because the statements were made by an employee of the opposing party within the scope of employment. However, plaintiff has not sued the dealership but, instead, he has sued Mercedes. Dounn is not an employee of Mercedes and his statements cannot be treated as the statements of a party opponent. Thus, any statement made by Dounn that is contained on the recording made by plaintiff is subject to the rule against hearsay. Plaintiff argues that there are exceptions to the rule against hearsay that would allow for the admission of plaintiff's recordings. The Court finds that it is unnecessary to consider whether the statements are admissible under an exception to the hearsay rule, because Mercedes represents that Dounn will be available to testify at trial and plaintiff may inquire at trial as to any relevant topic without relying on hearsay statements. Should Dounn give any testimony contrary to a prior statement, plaintiff may be able to offer a prior statement made by Dounn for the purpose of impeachment. Regan-Touhy v. Walgreen Co., 526 F.3d 641, 651 (10th Cir. 2008). Defendant's request to preclude plaintiff's audio recordings of conversations with Dounn is preliminarily granted.

**B.**

Defendant asks the Court to exclude evidence of complaints made to NHTSA by plaintiff and two anonymous consumers. Dkt. # 26. Defendant asserts that the complaints are not relevant and consist of hearsay statements that would be offered to prove that plaintiff's vehicle is defective. Id. at 7. Plaintiff responds that the NHTSA complaints are not hearsay to the extent that they are offered to prove that complaints have been made. Dkt. # 33, at 5.

Plaintiff filed this case under Oklahoma's lemon law, not as a manufacturer's products liability claim. The issue in this case is not whether the product as generally manufactured has a defect rendering it unsafe for consumers, but plaintiff must show that the specific vehicle sold to him "does not conform to all applicable express warranties" due to a nonconformity or that a "defect or condition . . . substantially impairs the use and value of the motor vehicle." OKLA. STAT. tit. 15, § 901. The statute is focused on the operating condition of the actual vehicle purchased by the plaintiff rather than general issues of consumer safety, and the fact that complaints have been made by other consumers has no bearing to any element of a lemon law claim. The only reason that plaintiff could be offering the NHTSA complaints would be to ask the jury to infer that his vehicle contains a nonconformity, defect, or condition similar to complaints made by other consumers, and the NHTSA complaints would be hearsay if offered for this purpose. The Court also notes that the NHTSA complaints do not refer to a specific make and model manufactured by Mercedes, and the complaints refer to the "2017 Mercedes-Benz GLS Class." Dkt. # 33-6. The Court cannot tell from reviewing the complaints whether they even relate to the same vehicle purchased by plaintiff, and he would have to lay an appropriate foundation before seeking to use this evidence at trial. The Court preliminarily finds that the NHTSA complaints should be excluded, and the NHTSA complaints will be admitted only if plaintiff can lay a foundation to show that the complaints are relevant and offered for a non-hearsay purpose.

## IV.

Plaintiff asks the Court to exclude witnesses who and evidence that were not timely disclosed during discovery, because he would be prejudiced in terms of trial preparation if defendant is permitted to rely on evidence disclosed on the final day of discovery. Dkt. # 27, 5-15, 19-20. He

also asks the Court to prohibit defendant's witnesses from offering opinion testimony as to "analysis" of the vehicle, because this would be disguised expert testimony that is inadmissible under Rule 701 and was not properly disclosed under Rule 26. Id. at 16-18.

**A.**

Plaintiff asks the Court to prevent defendant from calling witnesses at trial who were identified in an August 31, 2018 supplemental discovery response, because he did not have an opportunity to depose these witnesses and he will be prejudiced at trial. Dkt. # 27, at 5-16. Defendant responds that it offered to make the witnesses available for depositions and plaintiff declined to request an extension of the discovery cutoff, and he should not be permitted to wait until just before trial to raise what is essentially a request for a discovery sanction. Dkt. # 34, at 3-7.

Under Fed. R. Civ. P. 26(a)(1)(A), a party is required to initially disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . ." Every party has a continuing obligation to supplement its discovery responses if it "learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e)(1). If a party fails supplement its discovery responses, the "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff claims that defendant notified him of the identity of four new witnesses in its supplemental disclosures of August 31, 2018, and he argues that defendant should not be permitted to call these witnesses at trial. Plaintiff's motion makes it clear that he believes that defendant intentionally withheld the identity of these witnesses, and he claims that defendant acted in bad faith by waiting until the day before the discovery cutoff to make a supplemental disclosure. Dkt. # 27,

7

at 8. Defendant responds that it was not the party that directly dealt with plaintiff concerning the repair of his vehicle, and it took a substantial amount of time for defendant to locate and gather relevant evidence. Dkt. # 34, at 3. The four witnesses identified for the first time in defendant's supplemental disclosures were Byron Hudgins, Mark Byrd, Michael Martin, and Jeff Triebiene, and plaintiff has taken the deposition of Byrd. Byrd's deposition took place after the discovery cutoff, and he testified that was involved in a test drive of plaintiff's vehicle in which specialized equipment was used. Dkt. # 27, at 7. Documents related to the testing were produced to plaintiff's counsel on October 4, 2018. Id.

Much of plaintiff's argument to exclude the four witnesses is based on his assertion that the supplemental disclosures were untimely and that it should be presumed under Rule 37 that the witnesses will be excluded. Dkt. # 27. However, defendant was obligated to supplement its discovery responses and it did so just before the discovery cutoff expired. Plaintiff has taken the deposition of one of the witnesses identified in the supplemental disclosures, and there is no evidence that he requested to take the depositions of the other witnesses. Plaintiff presumes that defendant knew the identity of these witnesses when it made its initial disclosure and purposefully deceived plaintiff by omitting these witnesses from defendant's initial disclosures. Dkt. # 27, at 15. Plaintiff has presented no evidence to support this assertion, and plaintiff could have cured any prejudice by seeking to take depositions after the discovery cutoff or by requesting an extension of scheduling order deadlines. Plaintiff pursued neither of these options and, instead, seeks to wholly exclude the testimony of these witnesses. There is no evidence suggesting that defense counsel would have been uncooperative with scheduling depositions and, in fact, Byrd was deposed after defendant made its supplemental disclosures. Plaintiff has not shown that defendant's supplemental

disclosures were actually untimely or that plaintiff lacked the ability to cure any prejudice caused by disclosure of these witnesses, and his motion in limine to exclude the testimony of Hudgins, Byrd, Martin, and Tribiene should be denied.[2]

**B.**

Plaintiff asks the Court to exclude the testimony of any fact witness who intends to offer opinion testimony or analysis that requires specialized knowledge. Id. at 16-19. Defendant responds that each of the witnesses identified by plaintiff is an employee of the defendant or the dealership, and their testimony should not be excluded to the extent that the testimony requires expertise concerning automobiles that was acquired as part of their employment. Dkt. # 34, at 8.

Plaintiff's argument is based on defendant's representation that certain witnesses will offer "analysis thereof" concerning the condition of his vehicle. See Dkt. # 27-9, at 2-3. He claims that "analysis" would require expertise concerning automobiles, and he argues that any witness offering opinion testimony concerning the condition of the vehicle should have been disclosed as an expert. Dkt. # 27, at 16. Under Fed. R. Evid. 701, a lay witness may offer opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Rule 701 "does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an

---

[2] The Court's ruling on the alleged late disclosure of four witnesses also applies to plaintiff's request to exclude documents or other evidence disclosed in relation to these witnesses. See Dkt. # 27, at 19-20. Defendant was obligated to disclose to plaintiff evidence that it discovered after the discovery cutoff, and plaintiff has other remedies than seeking the exclusion of relevant evidence. Plaintiff's request to exclude evidence produced after the close of discovery is also denied.

9

expert witness." James River Ins. Co. v. Rapid Funding, LLC, 658 F.3d 1207, 1214 (10th Cir. 2011).

The Court has reviewed plaintiff's motion in limine and defendant's response and finds that the parties have not provided sufficient information about the proposed testimony for a pretrial ruling on the admissibility of witness testimony. Plaintiff's argument is based solely on the possibility that defendant's witnesses may testify about their "analysis" of plaintiff's vehicle, and this could take the form of opinion testimony. Defendant's employees may certainly testify as to facts gathered during investigations or examinations of plaintiff's vehicle. However, Tenth Circuit precedent is clear that lay witnesses may not offer opinion testimony based on technical or scientific knowledge that could not be reached by an ordinary person. LifeWise Master Funding v. Telebank, 374 F.3d 917, 929 (10th Cir. 2004). It is not clear if any of the witnesses identified by defendant will actually offer opinion testimony, and it would be premature to rule on the admissibility of testimony without a better understanding of the testimony that will be offered at trial. The Court will preliminarily deny plaintiff's motion in limine to exclude lay witness opinion testimony, but plaintiff can renew this objection at trial if it appears that any of defendant's witnesses will testify in the form of an opinion based on technical or scientific knowledge.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine and Brief in Support (Dkt. # 26) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (Dkt. # 27) is **denied**.

**DATED** this 28th day of November, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE